# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOKOJITSUGYO COMPANY, Ltd. and 350 W.A., <br><br> Plaintiffs, <br><br> vs. <br><br> CHUBB GROUP OF INSURANCE COMPANIES a/k/a FEDERAL INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 05CV75 WQH (CAB) <br><br> ORDER ENFORCING SETTLEMENT AGREEMENT AND DENYING CENTURY SURETY INSURANCE COMPANY'S MOTION TO INTERVENE |

HAYES, Judge:

Pending before the Court are the motion to enforce settlement agreement and enter judgment of dismissal filed by Defendant Federal Insurance Company (Doc. # 275), and the motion to intervene filed by Century Surety Insurance Company (Doc. # 285).

**BACKGROUND**

On December 5, 2007, the Court set this matter for a jury trial to begin on February 12, 2008. (Doc. # 259). On January 11, 2008, Plaintiff Hokojitsugyo Company served an Offer of Compromise pursuant to California Code of Civil Procedure section 998 upon counsel for Defendant. *Declaration of Elizabeth Smith-Chavez (Doc. # 270)*, ¶ 2. The Offer of Compromise stated that:

> Pursuant to California Code of Civil Procedure § 998, Plaintiff HOKOJITSUGYO COMPANY, LTD. offers to accept, in exchange for dismissal of this action, the sum of $999,999 in satisfaction of all claims for damages, costs and expenses, attorney fees and interest in this action. You may indicate your acceptance of this offer by signing the statement to that effect set forth below.

*Decl. of Smith-Chavez (Doc. # 270)*, Ex. A. On January 25, 2008, Defendant Federal Insurance Company, Ltd. accepted Plaintiff Hokojitsugyo Company, Ltd.'s Offer of Compromise by signing the Offer of Compromise and serving it upon Plaintiff Hokojitsugyo Company Ltd. *Decl. of Smith-Chavez (Doc. # 270)*, ¶ 2-3 & Exs. A-B; *see also* (Doc. # 270).

On January 28, 2008, Century Surety Insurance Company filed a notice of lien against 350 W.A. LLC and David Blackburn. (Doc. # 273). On January 31, 2008, the Duckor, Spradling, Metzger & Wynne law corporation filed a notice of lien against David Blackburn, and all entities in which David Blackburn has an interest. (Doc. # 288). On February 21, 2008, the Duckor, Spradling, Metzger & Wynne law corporation filed a notice of contractual lien for attorneys' fees. (Doc. # 291).

## DISCUSSION & ORDER

**I. Motion to Enter Judgment and Enforce Settlement Agreement**

On January 30, 2008, Defendant filed the pending motion to enforce the Offer of Compromise and for an order entering judgment and dismissal in this action. (Doc. # 276). Specifically, Defendant's motion seeks an order (1) "immediately entering judgment of dismissal of Federal with prejudice from this action in its entirety," (2) "enforcing the signed settlement agreement between the parties," and (3) "authorizing Federal to deposit the settlement amount of $999,999 with the Clerk of the Court, pending a motion, between those interested in the funds, to determine the recipient." (Doc. # 276 at 2-3). On February 1, 2008, Plaintiff filed an opposition to the motion. (Doc. # 280). Therein, Plaintiff did not oppose Defendant's request for entry of judgment and enforcement of the Offer of Compromise, but did oppose Defendant's request to lodge the settlement amount of $999,999 with the Clerk of the Court. (Doc. # 280). Plaintiff's opposition contends that the Court should order Defendant to immediately pay the settlement funds to Plaintiff's counsel of record. (Doc. # 280 at 4-5).

The Court has reviewed the Offer of Compromise signed by both parties, and finds that its terms were accepted by Defendant Federal Insurance Company on January 25, 2008. *Decl. of Smith-Chavez (Doc. # 270)*, Ex. A. The Offer of Compromise is an enforceable contract. No party has raised any defense to enforcement of the Offer of Compromise, and each party agrees that it should be enforced. *Decl. of Smith-Chavez (Doc. # 270)*, Ex. A.

Pursuant to CAL. CODE CIV. P. § 998(a)(1), "[i]f the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." The Court hereby Orders the parties to file proposed judgments in accordance with Defendant's acceptance of Plaintiff's Offer of Compromise. In addition, each party's proposed judgment shall be supported by a memorandum of points and authorities. The parties shall file their proposed judgments and memoranda of points and authorities in support on or before **Friday, March 7, 2008**. Each party may file a response to the opposing party's proposed judgment on or before **Friday, March 14, 2008**.

The Court finds that there is no basis for this Court to order the funds to be paid to the Clerk of the Court in light of the terms of the Offer of Compromise. Accordingly,

**IT IS HEREBY ORDERED** that:

(1) Defendant's motion for an order "enforcing the signed settlement agreement between the parties" (Doc. # 275 at 2) is GRANTED.

(2) Defendant's motion for an order "immediately entering judgment of dismissal of Federal with prejudice from this action in its entirety" (Doc. # 275 at 2) is DEFERRED.

(3) Defendant's motion for an order "authorizing Federal to deposit the settlement amount of $999,999 with the Clerk of the Court, pending a motion, between those interested in the funds, to determine the recipient" (Doc. # 275 at 3) is DENIED.

**II. Century Surety Insurance Company's Motion for Intervention (Doc. # 285)**

Century Surety Insurance Company seeks to intervene in this action on the grounds that "Blackburn and 350 W.A.'s" attempts to "renege" on the settlement agreement jeopardize Century Surety Insurance Company's rights under the lien which it filed on January 28, 2008. (Doc. # 285). After reviewing the record, there is no evidence that Plaintiff Hokojitsugyo seeks to "renege" on the Offer of Compromise (Doc. # 285 at 3), and there is no evidence that any party will ignore a valid lien. CAL. CODE. CIV. P. 708.430(b) "now permits a judgment creditor who has not intervened to seek an order applying property to the satisfaction of the judgment creditor's judgment pursuant to section 708.470," and "[i]n most cases, this will be the optimal and least costly way to proceed." *In re Marriage of Kerr*, 185 Cal. App. 3d 130, 134 (1986). In addition, "[a] trial court has discretion to deny intervention . . . if the interests of the original litigants outweigh the intervenor's concerns." *Id*.

1
2   After judgment is entered in this case, the Court will permit Century Surety Company and any
3 other lien holder to apply to this Court pursuant to Cal. Civ. Code P. §§ 708.430(b) & 708.470.
4   Century Surety Company's motion to intervene (Doc. # 285) is DENIED without prejudice.
5   **IT IS SO ORDERED**.
6 DATED:  February 22, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge