1
2
3
4
5
6
7

8 # UNITED STATES DISTRICT COURT

9 ## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 HOKOJITSUGYO COMPANY, LTD., | CASE NO. 05CV75 WQH (CAB) |
| 12 Plaintiff, | ORDER REQUESTING FURTHER BRIEFING |
| 13 vs. | |
| FEDERAL INSURANCE COMPANY, | |
| 14 Defendant. | |

15 HAYES, Judge:

16    Pending before the Court are the applications for disbursement of judgment proceeds pursuant

17 to CAL. CODE CIV. P. §§ 708.410 et seq. filed by Otay Project, LLC (Doc. # 302), Century Surety

18 Company (Doc. # 303), and Duckor, Spradling, Metzger & Wynne (Docs. # 291, 304).

19 **BACKGROUND**

20    On December 13, 2004, Plaintiffs Hokojitsugyo Company, Ltd. (Hoko) and David Blackburn

21 (Blackburn) filed a Complaint against Defendant Federal Insurance Company (Federal) for breach of

22 contract and bad faith in the California State Superior Court in San Diego, California. *See* (Doc. # 1).

23 On January 14, 2005, Defendant Federal removed the case to this Court.  (Doc. # 1).

24    On December 12, 2005, Plaintiffs filed a First Amended Complaint terminating Plaintiff

25 Blackburn, and adding as a Plaintiff 350 West Ash, LLC (350 W.A.).  (Doc. # 34).  The First

26 Amended Complaint asserted claims for breach of contract, breach of the implied covenant of good

27 faith and fair dealing, negligent infliction to prospective economic advantage, and declaratory relief.

28 (Doc. # 34).

- 1 -                              05CV75 WQH (CAB)

1    On January 26, 2006, Defendant Federal moved for summary judgment on each of the claims

2  asserted by Hoko and 350 W.A. (Doc. # 43).  On May 1, 2006, the Court granted Defendant's motion

3  for summary judgment with respect to all of the claims asserted by Plaintiff 350 W.A., as well as with

4  respect to Plaintiff Hoko's claims for declaratory relief and negligent infliction to prospective

5  economic advantage.  (Doc. # 101).  As of May 1, 2006, only Plaintiff Hoko's claims for breach of

6  contract and breach of the implied covenant of good faith and fair dealing remained pending in this

7  action.  *See* (Doc. # 101).

8    On January 11, 2008, Plaintiff Hoko served an Offer of Compromise pursuant to CAL. CODE

9  CIV. P. § 998 upon Defendant Federal for $999,999.00.  *See* (Docs. # 298, 300).  On January 25, 2008,

10 Defendant Federal accepted Hoko's Offer of Compromise.  *See* (Doc. # 300).

11    On January 28, 2008, Century Surety Company (Century) filed a notice of judgment lien

12 against 350 W.A. and Blackburn.  (Doc. # 273).  On January 31, 2008, Duckor, Spradling, Metzger

13 & Wynne law corporation (Duckor) filed a notice of judgment lien against Blackburn.  (Doc. # 288).

14 On February 21, 2008, Duckor filed a notice of contractual lien for attorneys' fees against 350 W.A.

15 and Blackburn.  (Doc. # 291).  On February 27, 2008, Otay Project, LLC (Otay) filed a notice of

16 contractual lien against Blackburn and 350 W.A.  (Doc. # 293).  Otay's notice also claimed "a security

17 interest in any funds paid to Blackburn, 350 W.A., or Hokojitsugyo Company, Ltd."  (Doc. # 293 at

18 1).

19    On April 15, 2008, the Court entered Judgment in favor of Hoko and against Federal in the

20 amount of $999,999.00.  (Doc. # 300).  The Court ordered enforcement of the judgment to be held in

21 abeyance pending adjudication of the rights of the lien holders.  (Doc. # 300).  On April 15, 2008, the

22 Court set a briefing schedule for application to the court for judgment proceeds pursuant to the

23 California judgment lien statutes, CAL. CIV. CODE §§ 708.410 et seq.  (Doc. # 301).

24    On April 28, 2008, claimants Century, Otay, and Duckor filed applications for judgment

25 proceeds.  (Docs. # 302, 303, 304).

### REQUEST FOR FURTHER BRIEFING

27    On April 15, 2008, this Court set a briefing schedule to allow the lien claimants to apply to the

28 Court for judgment proceeds pursuant to California's judgment lien statutes, CAL. CIV. CODE §§

1   708.410 et seq.  California's judgment lien statutes permit "a judgment creditor who has a money

2   judgment against a judgment debtor *who is a party* to a pending action or special proceeding" to

3   obtain a statutory judgment lien in the pending action or special proceeding.  CAL. CODE CIV. P. §

4   708.410(a) (emphasis added); *Brown v. Superior Court*, 116 Cal. App. 4th 320, 326 (2004); *see also*

5   *Abatti v. Eldridge*, 103 Cal. App. 3d 484, 487 (1980) (judgment creditor can reach interests of

6   judgment debtor even if judgment debtor is defendant, as opposed to plaintiff, in pending action or

7   special proceeding); *Fleet Credit Corp. v. TML Bus Sales*, 65 F.3d 119, 121-122 (9th Cir. 1995)

8   (same).

9          The judgment in this case is in favor of a single party, Plaintiff Hoko.  Each of the judgment

10   and contractual liens in this case names either 350 W.A. or Blackburn as the judgment debtor.  *See*

11   (Docs. # 273, 288, 291, 293).  The docket in this case, however, reflects that neither 350 W.A. nor

12   Blackburn are parties in this case.  *See* (Docs. # 1, 34, 101).  Accordingly, the Court hereby requests

13   further briefing which addresses whether this Court has the power to adjudicate judgment or

14   contractual liens against persons or companies who are not parties to this case.  In addition, and

15   assuming the Court has the power to adjudicate liens against non-parties, the Court requests additional

16   briefing addressing whether this Court has the power to adjudicate contractual liens in this proceeding.

17   *See Brown*, 116 Cal. App. 4th at 330-31.

18          Any party or lien holder may file a brief responsive to this Order on or before **Friday, June**

19   **13, 2008.**  If a party or lien holder chooses to file a brief, the brief shall be no longer than 10 pages.

20          **IT IS SO ORDERED**.

21   DATED:  June 5, 2008

22                                                          **WILLIAM Q. HAYES**
23                                                          United States District Judge

24

25

26

27

28