1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| HOKOJITSUGYO COMPANY, LTD., | CASE NO. 05CV75 WQH (CAB) |
| Plaintiff, | ORDER ON APPLICATIONS FOR DISBURSEMENT OF JUDGMENT |
| vs. | PROCEEDS |
| FEDERAL INSURANCE COMPANY, | |
| Defendant. | |

12
13
14
15
16

HAYES, Judge:

17

Pending before the Court are the applications for disbursement of judgment proceeds pursuant

18

to CAL. CODE CIV. P. §§ 708.410-708.480 filed by Otay Project, LLC (Doc. # 302) and Century Surety

19

Company (Doc. # 303).  The Court finds these matters suitable for submission on the papers without

20

oral argument.

21

### BACKGROUND

22

On December 13, 2004, Plaintiffs Hokojitsugyo Company, Ltd. (Hoko) and David Blackburn

23

(Blackburn) filed a Complaint against Defendant Federal Insurance Company (Federal) for breach of

24

contract and bad faith in the California State Superior Court in San Diego, California.  *See* (Doc. # 1).

25

On January 14, 2005, Defendant Federal removed the case to this Court.  (Doc. # 1).

26

On December 12, 2005, the parties filed a stipulation whereby the parties agreed to allow

27

Plaintiffs to file a First Amended Complaint in which 350 W.A. was substituted as a Plaintiff "in place

28

and instead of Blackburn as the real party in interest for the claims erroneously asserted on behalf of

Blackburn." (Doc. # 33 at 1). Pursuant to the stipulation, Defendant Federal retained the right to require Blackburn to respond to discovery requests even though Blackburn was made a "nonparty" to the suit. (Doc. # 33 at 2). On December 12, 2005, Plaintiffs filed the First Amended Complaint which was the subject of the stipulation, and thereby terminated Blackburn as a Plaintiff, and added as a Plaintiff 350 West Ash, LLC (350 W.A.). (Doc. # 34). The First Amended Complaint asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent infliction to prospective economic advantage, and declaratory relief. (Doc. # 34).

On January 26, 2006, Defendant Federal moved for summary judgment on each of the claims asserted by Hoko and 350 W.A. (Doc. # 43). On May 1, 2006, the Court granted Defendant's motion for summary judgment with respect to all of the claims asserted by Plaintiff 350 W.A., as well as with respect to Plaintiff Hoko's claims for declaratory relief and negligent infliction to prospective economic advantage. (Doc. # 101). As of May 1, 2006, only Plaintiff Hoko's claims for breach of contract and breach of the implied covenant of good faith and fair dealing remained pending in this action. *See* (Doc. # 101).

On January 11, 2008, Plaintiff Hoko served an Offer of Compromise pursuant to CAL. CODE CIV. P. § 998 upon Defendant Federal for $999,999.00. (Docs. # 298, 300). On January 25, 2008, Defendant Federal accepted Plaintiff Hoko's Offer of Compromise. (Doc. # 300).

On January 28, 2008, Century Surety Company (Century) filed a notice of judgment lien against 350 W.A. and Blackburn. (Doc. # 273); *see also* CAL. CODE CIV. P. §§ 708.410(a-b). On January 31, 2008, Duckor, Spradling, Metzger & Wynne law corporation (Duckor) filed a notice of judgment lien against Blackburn. (Doc. # 288). On February 21, 2008, Duckor filed a notice of contractual lien for attorneys' fees against 350 W.A. and Blackburn. (Doc. # 291). On February 27, 2008, Otay Project, LLC (Otay) filed a notice of contractual lien against Blackburn and 350 W.A. (Doc. # 293). Otay's notice also claimed "a security interest in any funds paid to Blackburn, 350 W.A., or Hokojitsugyo Company, Ltd." (Doc. # 293 at 1).

On April 15, 2008, the Court entered Judgment in favor of Hoko and against Federal in the amount of $999,999.00. (Doc. # 300). The Court ordered enforcement of the judgment to be held in abeyance pending adjudication of the rights of the lien holders. (Doc. # 300). On April 15, 2008, the

Court set a briefing schedule for application to the court for judgment proceeds.  (Doc. # 301).

On April 28, 2008, claimants Century, Otay, and Duckor filed applications for judgment proceeds pursuant to CAL. CODE CIV. P. § 708.470(a).  (Docs. # 302, 303, 304).  On May 5, 2008, Plaintiff Hoko filed a response to Duckor's application for judgment proceeds (Doc. # 305), Otay filed a response to the applications filed by Duckor and Century (Doc. # 308), and Century filed responses to the applications of Duckor and Otay.  (Docs. # 306, 307).

On June 5, 2008, the Court filed an Order requesting further briefing on (1) whether the Court has the power to adjudicate judgment or contractual liens against non-parties, and (2) whether the Court had the power to adjudicate contractual liens in this proceeding.  (Doc. # 310).  On June 13, 2008, claimants Century and Otay, as well as Plaintiff Hoko, filed responses.  (Docs. # 311, 313, 314).  On June 13, 2008, claimant Duckor filed a notice withdrawing its liens and application for judgment proceeds.  (Doc. # 312).

## FACTUAL BACKGROUND

On December 13, 2004, Plaintiffs Hoko and Blackburn filed the Complaint in this matter seeking to recover money under an insurance policy and for bad faith.  (Doc. # 1).  Before filing suit, Plaintiff Hoko assigned its rights to insurance proceeds under the policy at issue to 350 W.A.  (Doc. # 302-4 at Ex. 1).

On June 15, 2005, claimant Otay entered into a settlement agreement with Blackburn and 350 W.A.  (Doc. # 302-4 at Ex. 1).[1]  Pursuant to the settlement agreement, Blackburn and 350 W.A. agreed to pay Otay $75,000 in four installments.  (Doc. # 302-4 at Ex. 1).  In addition, and in specific reference to this litigation, Blackburn and 350 W.A. agreed to pay Otay,

> without deduction or offset of any type, twenty percent (20%) of all amounts paid by Chubb [aka Defendant Federal] (i.e., 20% of each amount so paid as when paid) (i) under any policy of insurance; (ii) to compromise any claim asserted or to be asserted in the Insurance Litigation; (iii) to satisfy any judgment entered against Chubb in the Insurance Litigation; or (iv) to otherwise satisfy or resolve any claim raised by Defendants, directly or indirectly by virtue of the Assignment from Hoko, against Chubb, until Otay has been paid a total of $305,000 pursuant to this paragraph.

(Doc. # 302-4 at Ex. 1).  Blackburn and 350 W.A. further granted Otay a "security interest" in all of

---

[1]  At the time that Otay entered into the Agreement with Blackburn and 350 W.A., Blackburn was a Plaintiff in this case.

Blackburn and 350 W.A.'s interests,

> in, and to and under (i) the Assignment from Hoko and all claims against Chubb in respect thereof, (ii) all amounts due under all applicable policies of insurance, however arising, (iii) the Insurance Litigation and all claims asserted therein, and (iv) all rights to the payment of any amount pursuant to or in respect of any of the foregoing, including without limitation pursuant to any judgment, settlement or other compromise or otherwise paid or promised to be paid in full or partial satisfaction of any claim raised by Defendants, directly or indirectly by virtue of the Assignment, against Chubb. . . .

(Doc. # 302-4 at Ex. 1).

On September 15 and 23, 2005, and in accordance with the settlement agreement, Otay recorded Uniform Commercial Code financing statements with the California Secretary of State against Blackburn and 350 W.A., and notified Defendant Federal that Otay had an interest in this litigation.

On September 26, 2007, claimant Century obtained a judgment against Blackburn and 350 W.A. for $1,201,088.16. *See Century Surety Company v. 350 W.A., LLC*, United States District Court for the Southern District of California, Case No. 05-CV-1548 L (September 26, 2007).

On January 11, 2008, Plaintiff Hoko served an Offer of Compromise upon counsel for Defendant Federal, offering to accept the sum of $999,999.00 in exchange for dismissal of this action and full satisfaction of all claims for damages, costs, attorney fees, and expenses. *See* (Doc. # 300). On January 25, 2008, Defendant Federal accepted Plaintiff Hoko's Offer of Compromise. *See* (Doc. # 300).

On January 28, 2008, Century filed a notice of judgment lien against 350 W.A. and Blackburn in the amount of $1,201,088.16. (Doc. # 273). On February 27, 2008, Otay filed a notice of contractual lien and security interest against Blackburn and 350 W.A. in the amount of 20% of the settlement proceeds, or $199,999.80. (Docs. # 293, 302-2).

On April 15, 2008, the Court entered judgment in favor of Hoko and against Federal in the amount of $999,999.00. (Doc. # 300).

### DISCUSSION

Claimants Otay and Century each contend that it is entitled to a portion of the judgment in favor of Hoko as the bearer of a senior interest in judgment proceeds or for other equitable reasons.

Otay contends that its security interest and/or contractual lien for 20% of 350 W.A.'s share of the judgment proceeds, or $199,999.80, is entitled to priority over the lien filed by Century because Otay has perfected a security interest in the judgment proceeds.  Century contends that it is entitled to the entire judgment for $999,999.00 because it was the first to file a judgment lien in this case.

**I.  California's Judgment Lien Statutes (CAL. CIV. CODE §§ 708.410-708.480)**

"Under [California's] judgment lien statutes, '[a] judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action or special proceeding may obtain a lien [on the rights of the judgment debtor to money or property under any judgment subsequently procured in the action or proceeding] to the extent required to satisfy the judgment creditor's money judgment.'"  *Brown v. Superior Court*, 116 Cal. App. 4th 320, 326 (2004) (citing CAL. CODE CIV. P. § 708.410(a)).  "To obtain a judgment lien under these statutes, 'the judgment creditor shall file a notice of lien and an abstract or certified copy of the judgment creditor's money judgment in the pending action or special proceeding.'"  *Id.* (citing CAL. CODE CIV. P. § 708.410(b)).  After filing the notice of lien, a judgment creditor may thereafter enforce the lien by application to the court pursuant to CAL. CODE CIV. P. § 708.470.  *See Id.* at 327.  "For purposes of an application under [CAL. CODE CIV. P. § 708.470], a judgment creditor is 'deemed to be a party to the action or special proceeding' even without intervening."  *Id.* (citing CAL. CODE CIV. P. § 708.470).

California's judgment lien statutes are "subject to strict construction," and "do not apply" and are "unrelated to liens created by contract."  *Pangborn Plumbing Corp. v. Carruthers & Skiffington*, 97 Cal. App. 4th 1039, 1056 (2002).

**A.  Century's Judgment Lien**

On January 28, 2008, Century filed a notice of judgment lien in this case, identifying 350 W.A. and Blackburn as judgment debtors.  (Doc. # 273).  On April 15, 2008, this Court entered a money judgment in the amount of $999,999.00 in favor of Plaintiff Hoko and against Defendant Federal.

California's judgment lien statutes permit a judgment creditor to obtain a lien against a judgment debtor in a "pending action or proceeding" if the judgment debtor "is a party" to the "pending action or special proceeding."  CAL. CODE. CIV. P. § 708.410.  Century is a "judgment creditor" as of the date of its application to the Court.  *See* (Doc. # 273).  However, Century's

1    judgment lien does not identify a judgment debtor "who is a party" to this case.  *See* Cal. Code Civ.

2    P. § 708.410(a).

3           The judgment lien filed by Century identifies 350 W.A. and Blackburn as judgment debtors.

4    (Docs. # 273).  In addition, the judgment submitted by Century to support its judgment lien indicates

5    on its face that it was entered against 350 W.A. and Blackburn.  (Doc. # 273).  Neither 350 W.A. nor

6    Blackburn, however, is a party to this case.  Blackburn was voluntarily dismissed as a Plaintiff on or

7    about December 12, 2005, at which point 350 W.A. was substituted in as a Plaintiff in place of

8    Blackburn.  *See* (Docs. # 1, 34).  Thereafter, on May 1, 2006, the Court dismissed 350 W.A. from this

9    case when it granted summary judgment in favor of Defendant Federal on each of 350 W.A.'s claims.

10   (Doc. # 101).  The Judgment entered in this case on April 15, 2008, is not against either 350 W.A. or

11   Blackburn.  (Doc. # 300).

12          California's judgment lien statutes are "subject to strict construction . . . ."  *Pangborn*

13   *Plumbing Corp.*, 97 Cal. App. 4th at 1056.  The plain language of Cal. Code Civ. P. § 708.410

14   permits a judgment creditor to obtain a lien on the money or property of a judgment debtor only where

15   the judgment debtor is "a party" to a pending action or proceeding, and Century has not submitted any

16   authority for the proposition that a person may seek enforcement of a judgment in a case in which the

17   judgment debtor is not a party.  Neither 350 W.A. nor Blackburn is a party to this case, and therefore

18   the Court concludes that Century is not entitled to obtain a lien under Cal. Code Civ. P. § 708.410(a)

19   on the judgment against Hoko.  The Court further concludes that Century is not entitled to party status

20   pursuant to Cal. Code Civ. P. § 708.430.

21   **II.  Contractual Liens on Proceeds**

22          A contractual lien is created at the time of contracting, and may be placed on litigation

23   proceeds.  *Bluxome Street Assoc. v. Woods*, 206 Cal. App. 3d 1149, 1152-54, 1158 (1988); *see* Cal.

24   Civ. Code § 2881.  Although litigation proceeds are often subject to an attorney's contractual lien,

25   "the attorney-client scenario is not the only one in which a contractual lien on . . . litigation proceeds

26   may arise."  *Id*. at 1154 (noting that contractual liens to litigation proceeds may arise in favor of

27   doctors).

28          California courts have "consistently held" that a trial court in an underlying action has "no

jurisdiction" to determine the existence or validity of an attorney or other person's contractual lien on the judgment. *Carroll*, 99 Cal. App. 4th at 1173. The rule is "founded on the fundamental principal 'that one who is not a party to a proceeding may not make a motion therein.'" *Brown*, 116 Cal. App. 4th at 329 (citing *Marshank v. Superior Court*, 180 Cal. App. 2d 602, 605 (1960)). All holders of contractual liens must bring "a separate, independent action . . . to establish the existence of the lien, to determine the amount of the lien, and to enforce it." *Id*. at 328. While "[a] judgment creditor claiming a judgment lien under [CAL. CODE CIV. P. § 708.410 et seq.] is deemed a party to the underlying action for purposes of an application under [CAL. CODE CIV. P. § 708.470]," there is no "similar statute" which conveys party status on a person claiming a "contractual lien against the proceeds of [a] judgment." *Id*. at 330-31.

**A.  Otay's Security Interest and/or Contractual Lien**

Otay contends that it possesses a valid and enforceable security interest and/or contractual lien against 350 W.A. and Blackburn. Otay seeks to enforce the security interest and/or contractual lien against 350 W.A. and Blackburn in this case because 350 W.A. and Blackburn may be entitled to the proceeds of the judgment in favor of Plaintiff Hoko pursuant to a contract between 350 W.A., Blackburn, and Hoko.

The problem with Otay's assertion of its security interest and/or contractual lien in this case is two-fold. First, Otay does not assert its security interest and/or contractual lien against a party to this case. Specifically, Otay's alleged security interest and/or contractual lien are based on a contract between Otay, Blackburn, and 350 W.A., and did not involve Plaintiff Hoko. The only money Judgment to lien in this case, however, is in favor of Hoko. The Court concludes that there is no legal basis for ordering portions of the money judgment in favor of Hoko to go to Otay in light of the fact that Otay does not have a security interest and/or contractual lien against Hoko. Nor is Otay's security interest or contractual lien directly tied to the Judgment in this case, as Otay's interest depends upon the enforceability of ancillary agreements including (a) Otay's security interest and/or contractual lien against 350 W.A. and Blackburn, and (b) the assignment contract between Hoko, Blackburn, and 350 W.A. No separate proceeding has been brought to enforce and/or assure the validity of those agreements. *See Brown*, 116 Cal. App. 4th at 328. The Court concludes that it would be improper

to adjudicate the contractual rights of either 350 W.A. or Blackburn when neither 350 W.A. nor Blackburn is a party to this case.

The second problem with Otay's security interest and/or contractual liens in this case is that Otay is attempting to enforce the security interest and/or contractual lien on a judgment obtained in an action to which Otay is not a party. As noted above, the proper procedure for enforcing a contractual lien is to bring "a separate, independent action . . . to establish the existence of the lien, to determine the amount of the lien, and to enforce it," since "one who is not a party to a proceeding may not make a motion therein." *Brown*, 116 Cal. App. 4th at 328-29 (internal citations omitted). It is undisputed that Otay is not a party to this case, and Otay has not addressed "the fundamental principle that one who is not a party to a proceeding may not make a motion therein." *Id.* Otay contends that the California Commercial Code authorizes the Court to order Defendant Federal to satisfy Otay's security interest, however, no provision of the California Commercial Code cited by Otay addresses the fact that the judgment in this case is in favor of Hoko–not 350 W.A. or Blackburn–and Otay has not cited any authority which would, in effect, require Hoko to satisfy the alleged and yet-to-be adjudicated debts of 350 W.A. and Blackburn in this proceeding where neither Otay, Blackburn, nor 350 W.A. is a party.

After reviewing Otay's alleged security interest[2] and/or contractual lien, the Court concludes that it would not be appropriate to adjudicate Otay's rights vis-a-vis Blackburn and 350 W.A. when neither Otay, Blackburn, nor 350 W.A. is a party to this suit, particularly where the judgment creditor in this case objects. The application for judgment proceeds filed by claimant Otay is denied.

/

/

/

/

/

/

---

[2] The Court takes no position as to whether Otay has perfected its claimed security interest. However, the Court notes that where a security interest fails to be perfected, a valid contractual lien may nevertheless arise. *See Bluxome Street Assoc.*, 206 Cal. App. 3d 1149, 1156 (1988).

1

## CONCLUSION

2          The applications for judgment proceeds pursuant to CAL. CODE CIV. P. §§ 708.410 et seq. filed

3    by claimants Otay, Century, and Duckor are DENIED.  (Docs. # 302, 303, 304).  The Court will enter

4    an amended judgment vacating the previous judgment which was held in abeyance.  *See* (Doc. # 300).

5    The Clerk of the Court is ordered to close this case.

6          **IT IS SO ORDERED**.

7    DATED:  June 19, 2008

8                                                    _William Q. Hayes_
                                              **WILLIAM Q. HAYES**
9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05CV75 WQH (CAB)